IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03424-BNB

CHAD ANGLE,

    Applicant,

v.

DAVID ZUPAN, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Chad Angle, is in the custody of the Colorado Department of Corrections (DOC) at the San Carlos Correctional Facility in Pueblo, Colorado. Mr. Angle initiated this action by filing a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 1. Magistrate Judge Boyd N. Boland reviewed Mr. Angle's claims; determined that he was challenging a State of Colorado criminal proceeding, Case No. 12CR5032; and directed him to submit his claims on a form used in filing a 28 U.S.C. § 2254 action, which Mr. Angle did on December 23, 2013. Mr. Angle also paid the $5 filing fee on December 27, 2013.

    Subsequently, on December 30, 2013, Magistrate Judge Boyd N. Boland ordered Respondents, State Attorney General of the State of Colorado and David Zupan, to file a Pre-Answer Response and address the affirmative defenses of timeliness and exhaustion of state court remedies. Respondents filed a Response on January 29, 2014, and Mr. Angle filed a Reply on February 6, 2014.

The Court must construe Mr. Angle's Application and Reply liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

First, Mr. Angle insists that the Court address the 28 U.S.C. § 2255 motion and the 28 U.S.C. § 2254 application separately. Mr. Angle states that he intends for each filing to be "ruled upon by the legal doctrines governing each of those codified sections of law and the merit of the individual claims contained within each filing." Reply at 1. The § 2255 motion and the § 2254 application raise issues that relate to Mr. Angle's State of Colorado Criminal Case No. 12CR5032. Mr. Angle is not challenging a sentence of a court established by an Act of Congress, *see* 28 U.S.C. § 2255(a), and he is not in federal custody. Mr. Angle's claims may not be brought under § 2255.

Respondents concede that the action is timely but argue that Applicant's claims are unexhausted. Mr. Angle's arguments for waiving the exhaustion requirement are unavailing.

After Respondents filed the Pre-Answer Response the Court was able to determine that Mr. Angle originally was convicted on January 28, 2013, in Case No. 12CR5032. He was sentenced to two years of intensive supervision probation. His probation was revoked on May 24, 2013, resulting in a six-year sentence in the DOC. Mr. Angle states in the § 2255 Motion and the § 2254 Application that he is challenging the results of the probation revocation hearing and the resulting six-year sentence.

Mr. Angle is required to exhaust state remedies before he may pursue his federal constitutional claims in a habeas corpus action. See 28 U.S.C. § 2254(b)(1); *Montez v. McKenna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). A habeas applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. See *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus applicant to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. See *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his . . . claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Mr. Angle argues that exhaustion should be waived because

> his initial public defender prevented him from exhausting state court remedies and the conditions of his confinement prevent him from accessing the legal resources he needs to exhaust. Mr. Angle further argues that the state court's conduct induced special circumstance conditions that circumvent normal or typical avenues of due process.

Application, ECF No. 6, at 5. In the Reply, Applicant further asserts that

> state remedies would be unuseable and/or ineffective at addressing the serious claims and because a constitutional claim was filed (14th amended Due Process) this automatically invokes supplemental jurisdiction of the Federal Court and circumvents the exhaustion requirement rendering it's remedies for less serious procedural claims moot.

Reply at 3. Mr. Angle also asserts that his "pre-conviction, court-appointed counsel" has ignored him, and he has made several attempts on his own, plus three documented attempts through an agent, to file an appeal through his pre-conviction, court-assigned counsel. *Id.* Mr. Angle further asserts that his documents were stolen; he was attacked by staff; and he was forcibly medicated, which impaired his ability to address his legal affairs. Finally, Mr. Angle claims that the state remedy suggested by Respondents does not "adequately address [his] constitutional and civil rights claim of due process which a federal court is more ideally suited legally to adjudicate." *Id.* at 5.

The Court may excuse exhaustion in a § 2254 action if there is an "absence of available State corrective process," § 2254(b)(1)(B)(i), or "circumstances exist that render such process ineffective to protect the rights of the applicant," *id.* at (ii). Mr.

4

Angle bears the burden of proving that exhaustion is futile.  *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

Respondents state that Mr. Angle has a remedy available under Colo. R. Crim. P. 35(c).  Furthermore, since the middle of December 2013, Mr. Angle has been able to submit pleadings to this Court challenging his state conviction.  Mr. Angle does not state that he has attempted to submit a postconviction motion in state court but was precluded from doing so.  Because Mr. Angle is able to process court filings here, and does not assert that state courts have denied him the ability to file a Rule 35(c), the Court finds that there is an available corrective process that protects his rights. Exhaustion of Mr. Angle's state court remedies, therefore, is not futile, and dismissal for failure to exhaust those remedies is appropriate.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Angle files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before seeking federal court intervention.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Angle has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that the "Motion to Rule on/or Submit 2255 Motion," ECF No. 25, is denied as moot.

DATED March 26, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court